IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

KAREN KNACK-TOMS,

      Plaintiff,

vs.

MEYER NJUS TANICK, PA,

      Defendant.

_____/

Case No. 3:18-cv-50249
Hon. Phillip G. Reinhard
Mag. Iain D. Johnston

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY TO SUPPORT RULE 12(B)(6) MOTION TO DISMISS COMPLAINT

Meyer Njus Tanick, P.A. ("MNT") submits the following for its Supplemental Authority in Support of its Rule 12(b)(6) Motion to Dismiss Complaint:

1.    On September 27, 2018, the Honorable Gordon J. Quist entered an order dismissing a complaint brought under the Fair Debt Collection Practices Act ("FDCPA") on the basis that the plaintiff failed to plead facts to support the assertion of the court's jurisdiction. *Buchholtz v. Meyer Njus Tanick, P.A.*, Case No. 18-CV-00607, 2018 WL 4625740 (W.D. Mich. Sept. 27, 2018). A copy of the *Buchholz* opinion is attached as Exhibit A.

2.    As in the instant case, the plaintiff in *Buchholtz* alleged that an MNT attorney violated 15 U.S.C. §1692e(3) by sending a letter to the plaintiff, without engaging in any "meaningful review" of the file. Judge Quist found that the alleged violation was not an abusive debt collection practice:

> The FDCPA prohibits 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' 15 U.S.C. 1692e. The goal of the FDCPA is it eliminate *abusive* debt collection practices, not all debt collection practices. [citing *Lyshe v. Levy*, 854 F.3d 855, 859 (6th Cir. 2017)]. Plaintiff has not pled a concrete injury that is fairly traceable to Defendant and has not alleged how Defendant engaged in any *unlawful* behavior. Therefore,

1

Plaintiff's claims will be dismissed.

*Id.* at p. 4, emphasis in original.

3.    The letter at issue in *Buchholtz* is identical to the letters at issue here. There were no allegations that the amount sought was incorrect or that the debtor did not owe the debt. The form letter does not represent an abusive collection practice and, like *Buchholtz,* this case should be dismissed.

Respectfully submitted,
MADDIN HAUSER ROTH
& HELLER, P.C.

*/s/ Kathleen H. Klaus*
Kathleen H. Klaus (P67207)
Attorneys for Defendant
28400 Northwestern Hwy, 2nd Floor
Southfield, MI 48034  (248) 359-7520
kklaus@maddinhauser.com

Dated: October 3, 2018

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorneys for Defendant
28400 Northwestern Hwy, 2nd Floor
Southfield, MI 48034
(248) 359-7520
Kklaus@maddinhauser.com

2209361