IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Karen E. Knack-Toms, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 50249 |
| | ) | |
| vs. | ) | |
| | ) | |
| Meyer Njus Tanick, PA, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [13] to dismiss is denied. The parties, however, are directed to contact Magistrate Judge Johnston within 30 days to explore settlement possibilities for an early resolution of this case.

## STATEMENT-OPINION

Plaintiff, Karen E. Knack-Toms, brings this action against defendant, Meyer Njus Tanick, PA, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692 et seq.) when it sent a letter, dated July 9, 2018, to plaintiff in an attempt to collect a debt plaintiff allegedly owed Synchrony Bank ("Bank"). The complaint alleges defendant, in sending the letter, used a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e. Specifically, it alleges defendant's letter 1) falsely represented or implied that an individual was an attorney or that a communication was from an attorney in violation of 15 U.S.C. § 1692e(3) and 2) used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10). The complaint also alleges that, in sending the letter, defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect or attempt to collect a debt. Defendant moves [13] to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e goes on to state "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . . (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

1

The subject letter[1] reads as follows:

"Re: Creditor: Synchrony Bank
Blains Farm & Fleet Account # [***************]
Amount of Debt: $1,596.37

Dear Karen Knack:

This law firm has been retained to collect the above-referenced debt. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this firm within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this firm will assume the debt to be valid. If you notify this firm in writing within 30 days after receiving this notice that you dispute the debt, or any portion thereof, this firm will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Additionally, upon your written request within 30 days after receiving this notice, this firm will provide you with the name and address of the original creditor, if different from the current creditor.

If you would like to make a payment on this debt, please call our firm at [1-***-***-****] to make your payment over the telephone, or mail your payment to our address listed above. If you are mailing a payment to our office, please put file number [*********] on your check.

Very truly yours,

Meyer Njus Tanick, PA

R. Ryan Scarfone
Elila K. Civelli"

The letter is on defendant's letterhead which identifies the firm as attorneys at law with an address in Minneapolis, Minnesota. The letterhead lists names of firm attorneys, including

---

[1] While plaintiff did not attach the letter to her complaint, defendant did attach a copy of the letter to its motion to dismiss. A court may consider a document attached to a motion to dismiss if it is referenced in the plaintiff's complaint. Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012).

Scarfone and Civelli, as well as each attorney's jurisdictions of admission.[2] An illegible, apparently handwritten, signature appears in the area of the letter provided for signature.

The bulk of the letter's content sets forth the information a debt collector is required to provide to a debtor by 15 U.S.C. § 1692e(11) (disclosure that it is from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose) and 15 U.S.C. § 1692g (information about the debt and the process for disputing and validating the debt). The letter makes no demand for payment nor any threat, or even mention, of the possibility of litigation. Its first sentence states: "This law firm has been retained to collect the above-referenced debt." Its final paragraph begins: "If you would like to make a payment on this debt," and goes on to describe the options available for making payment. What lies between the first sentence and the final paragraph is exclusively the statutorily required Section 1692e(11) and Section 1692g information.

Plaintiff does not object to the content of the letter. Rather, she contends it violates the FDCPA because the letter falsely represents that it is from an attorney. At first blush, one might think that a letter on law firm letterhead, bearing a signature on behalf of the firm by someone licensed to practice law, and who is listed on said letterhead as one of the law firm's attorneys would, ipso facto, be a communication from an attorney. But, when the letter is an attempt to collect a debt, it has been settled law for some time that this is not the case for purposes of the FDCPA. More is required for the letter to be considered actually a communication from the attorney.

"[A] debt collection letter that is issued on an attorney's letterhead and over his signature conveys the notion that the attorney has directly controlled or supervised the process through which the letter was sent – i.e., that he assessed the validity of the debt, is prepared to take legal action to collect on that debt, and has, accordingly, decided that a letter should be sent to the debtor conveying that message. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action." Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002) (quotation marks and citation omitted). "If, however, the letter to the debtor is not the product of the attorney's professional judgment – if he has not independently determined that the debt is ripe for legal action by reviewing the debtor's file, for example; if he has not exercised discretion in deciding whether to and when the letter should be sent to a given debtor; if he does not see the individual letter before it is sent – then the letter is misleading. Attorney letters prepared en masse are frequently false for want of such judgment. In order to avoid that falsehood, the attorney must have a genuine involvement in the process through which the letter was sent to the debtor." Id. (quotation marks and citations omitted); see also, Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996).

Plaintiff claims any "genuine involvement" by an attorney was lacking in the process by which defendant produced and sent this letter to plaintiff and, therefore, that the letter was not an

---

[2] Scarfone and Civelli are listed as admitted to practice in Illinois.

actual communication from an attorney but, instead, a false representation that it was a communication from an attorney.

Specifically, plaintiff alleges Bank is one of the largest issuers of credit in the United States and as such "it stands to reason" that Bank has a proportionally large number of accounts that are referred to third-party debt collectors like defendant. She alleges Bank works with defendant on a regular basis and defendant sends out thousands of collection letters to consumers on a daily basis. Plaintiff asserts that the attorneys who purportedly sent the correspondence to plaintiff "allow their signature to be included on hundreds of such collection letters per day without engaging in a meaningful review of the underlying account prior to determining the veracity of the representations. The lack of attorney review is evidenced by the inclusion of both Scarfone and Civelli's names on the signature line, yet only one signature."

Plaintiff alleges defendant violated Sections 1692e, e(3), and e(10) of the FDCPA "by sending a correspondence to Plaintiff stating it was from, and reviewed by, two attorneys. Upon information and belief, the attorneys whose signature appears on the correspondence allow their signature to be used on hundreds of collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters." She claims sending form collection letters said to be from an attorney when the attorney did not engage in a meaningful review of the letter or the associated account "falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter." She alleges the lack of sufficient review and exercise of attorney judgment in deciding whether to send collection letters is a violation of the FDCPA.

The complaint further alleges that defendant violated Section 1692f "when it unfairly and unconscionably attempted to collect on a debt" by falsely representing to plaintiff that the letter was reviewed by multiple attorneys. Plaintiff alleges "[b]oth Scarfone and Civelli did not review the correspondence even though it bore their signature lines." By doing so, it is alleged defendant "unfairly attempted to escalate the concern over the subject consumer debt in Plaintiff's mind by suggesting multiple attorneys were handling her file. These means employed by Defendant only served to worry and confuse Plaintiff."

In its motion to dismiss, defendant argues plaintiff's complaint fails to allege sufficient facts to support an inference that defendant did not provide meaningful attorney review of plaintiff's account prior to sending the letter. Defendant contends plaintiff's failure to plead any information concerning the number of letters sent from defendant's Chicago office, its process for reviewing files prior to sending collection letters, or how many attorneys are involved in the review process dooms her claim that no attorney meaningfully reviewed her account.

4

Defendant cites Buchholz v. Meyer Njus Tanick, PA, 18 CV 607, 2018 WL 4625740 (W.D. Mich. Sept. 27, 2018)[3] to support its argument for dismissal.  In Buchholz, the plaintiff, Gustav Buchholz, represented by the same law firm that represents Ms. Knack-Toms in this case (Sulaiman Law Group, Ltd.), filed suit against Meyer Njus Tanick, PA ("MNT"), the same law firm that is the defendant in this case.  At issue were two letters MNT sent to Mr. Buchholz.  These letters ("Buchholz Letters") were nearly identical to the letter at issue in this case.  The creditor identified in the Buchholz Letters is also Synchrony Bank and the text of the Buchholz Letters (except for the file number) is identical to the text of the letter in this case.  The only difference of any note is the Buchholz Letters' signature blocks are both as follows:

"Meyer Njus Tanick, PA
 Kara L. Harms."

The stamped signature "Kara L. Harms" appears in the space directly above her name and below defendant's.

The Buchholz court found the plaintiff had not demonstrated the defendant violated the FDCPA.  Although the plaintiff had alleged the first letter he received "'represented that it was sent by Ms. Harms after she had engaged in meaningful review of Plaintiff's account prior to sending the letter' [record citation omitted], the letter made no representation regarding a review, much less a 'meaningful review'." Buchholz, 2018 WL 4625740 at *2.  The court observed that the letter "simply states that the law firm had been retained to collect the debt, and as such, the letter was from a debt collector." Id.

However, this view is clearly at odds with Nielsen which holds that the mere fact the letter "is issued on an attorney's letterhead and over his signature conveys the notion that the attorney has directly controlled or supervised the process through which the letter was sent – i.e., that he assessed the validity of the debt, is prepared to take legal action to collect on that debt, and has, accordingly, decided that a letter should be sent to the debtor conveying that message. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action." Nielsen, 307 F.3d at 635 (quotation marks and citation omitted).  Under Nielsen, the representation of "meaningful review" is implicit in the letter being on an attorney's letterhead and bearing an attorney's signature and, therefore, no explicit statement that such a review occurred is required for the representation to have been made.

In further support of its decision that the letter did not misrepresent that a "meaningful review" had been performed by Attorney Harms, Buchholz notes that the "letter even specifically states that if Plaintiff disputed the debt or any portion thereof, 'this firm will obtain

---

[3] Buchholz was decided after defendant filed its motion to dismiss in this case but before plaintiff filed her response.  Defendant filed a notice of supplemental authority noting Buchholz prior to plaintiff filing her response.  Buchholz is currently on appeal.

5

verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment.'" Buchholz, 2018 WL 4625740 at *2. Though the opinion does not discuss this language further, it appears the court saw the letters' statement that defendant "will" obtain verification of the debt as contradicting the plaintiff's claim that the letter was a representation that Attorney Harms "had engaged in a meaningful review of Plaintiff's account prior to sending the letter[s]." In this view, because the letter specifically stated that the firm "will obtain verification of the debt" (emphasis added) if "you dispute the debt", the letter could not be read as a representation that Attorney Harms had already reviewed the account and verified the debt prior to sending the letter.

Again, this view is clearly at odds with Nielsen. The letter at issue in Nielsen contained virtually the same language ("we will obtain verification of the debt or a copy of a judgment and mail a copy of such verification or judgment to you.") Nielsen, 307 F.3d at 629. Yet, Nielsen held the letter was a representation that the attorney had "assessed the validity of the debt" and implied the attorney had "reached a considered professional judgment that the debtor is delinquent and is a candidate for legal action." Id., at 635. This court is bound by Nielsen and, therefore, Buchholz, is inapposite.

To meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). The "plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened not did they happen." Id. (emphasis in original). While a "more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations, will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected," id., at 405, in a straightforward case it is not any more difficult for the plaintiff to meet the pleading burden than it was before Twombly and Iqbal. Id., at 404. Some key questions to ask in reviewing the complaint include "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim; and in what way is the pleader expected to signal the type of litigation that is being put before the court?" Id.

This is a straightforward case and plaintiff has met her pleading burden. She has presented a story that holds together. Plaintiff alleges defendant sends out thousands of form collection letters to consumers on a daily basis and that the letter she received was one such form letter. The Buchholz Letters lend credence to this allegation. "Attorney letters prepared en masse are frequently false" for lack of the exercise of attorney judgment in the decision to send the letter. Nielsen, 307 F.3d at 635. It would be impossible for two lawyers to review thousands of collection files and authorize the mailing of the collection letters. See Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001) (suggesting 15 minutes per file review time). The letter purports to be from two attorneys – Scarfone and Civelli. However, the letter is signed with only one illegible

scrawl. It could be inferred from this that at least one of these attorneys had no involvement with the letter at all.

Plaintiff has clearly signaled the type of litigation that is being put before the court and given defendant fair notice of her claim – the form letter defendant sent to her was not the product of the attorneys whose names appear on it reviewing her account and deciding the letter should be sent. Instead, the firm sends out the same letter thousands of times per day by some process that by-passes attorney review. Plaintiff gave the amount of detail that realistically could be given. She would have no basis for knowing the inner workings of defendant and need not plead them. The facts pled and the inferences, taken most favorably to plaintiff, that can be drawn from them are sufficient to clear the plausibility hurdle.

Defendant relies on Thebert v. Potestivo & Assoc., No. 16-CV-14341, 2017 WL 3581322 (E.D. Mich. Aug. 18, 2017) and Barata v. Nudelman, Klemm & Golub, P.C., No. 13-CV-4274, 2015 WL 733628 (D. N.J. Feb. 19, 2015) to support its argument that the facts pled are insufficient. Both of these cases are from district courts outside the Seventh Circuit. While they are both at least marginally distinguishable as discussed below, more importantly they are at odds with Swanson.

Barata found that in order to state a plausible claim the complaint "would have to give some notion of how many letters were produced, how many attorneys produced them, and the length of time involved." Barata, 2015 WL 733628 at *4. Here, plaintiff alleges thousands of letters on a daily basis with two lawyers involved.

Thebert found several of the plaintiff's claims for FDCPA violations against the defendant law firm survived a motion to dismiss but found that allegations of inadequate attorney involvement did not. The basis for plaintiff's claim of lack of attorney involvement was the fact errors had been made and laws violated which, if there had been attorney involvement, plaintiff alleges would not have occurred. Thebert, 2017 WL 3581322 at *10. The court found "[t]he inference that lawyers are not involved with form letters or do not make mistakes is a weak one" and that plaintiff had speculated about defendant's "inner workings without any factual allegations about the law-firm's debt-collection practices." Id., at *11. Here plaintiff alleges thousands of letters generated per day with two lawyers involved.

Defendant argues plaintiff is required to plead facts concerning defendant's inner workings – its process for reviewing files prior to sending collection letters, how many attorneys are involved in the review process – but that is more detail than realistically could be given. Swanson, 614 F.3d at 404. To the extent Barata and Thebart require pleading such facts they conflict with Swanson.

Defendant also argues plaintiff cannot maintain a claim under Section 1692f based on the same facts on which she makes her Section 1692e claim. However, what claims can be proved and what relief is available or duplicative under the FDCPA must await later determination, possibly on summary judgment.

7

For the foregoing reasons, defendant's motion [13] to dismiss is denied. The parties, however, are directed to contact Magistrate Judge Johnston within 30 days to explore settlement possibilities for an early resolution of this case.

Date: 11/09/2018                ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)